IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELECIA BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:10-cv-1091-MEF |
| ) | |
| LITTON LOAN SERVICING, LP, *et al.*, ) | (WO-DO NOT PUBLISH) |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On December 24, 2010, Defendants removed this case to the Northern Division of the United States District Court for the Middle District of Alabama, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's review process requires the Court to determine whether a proper jurisdictional basis exists in each case.

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

In its notice of removal, Defendant Litton Loan Servicing, LP ("Litton Loan") alleges that both Defendants are citizens of a state other than Alabama. The notice of removal states that Litton Loan is a limited partnership with two partners, each of which is an LLC based in Utah. (Doc. # 1). The citizenship of Southwest Business Corporation is unknown, although it appears that the parties agree it is not a citizen of Alabama. (Doc. # 1 Ex. 1 at ¶

3; Doc. # 1 at 2).

For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined by the citizenship of all the members composing the organization. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Id.* at 1022. And, therefore, a limited liability company could be deemed a citizen of more than one state. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. *Id.* In examining the jurisdictional allegations presented in the Notice of Removal, the Court finds they are lacking, as Litton Loan failed to identify the citizenship of Litton Consumer and Corporate Servicing LLC and Litton Mortgage Servicing LLC.

Additionally, Litton Loan did not specify the citizenship of Southwest Business Corporation. If Southwest Business Corporation is indeed an incorporated entity, it is a citizen of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c).

As a result of these deficiencies, the Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, to properly adjudicate the pending motion to remand. For the foregoing reasons, it is hereby ORDERED that on or before **June 1, 2011** Litton Loan shall submit a filing that includes the necessary jurisdictional facts as set out above. With regard to the LLCs, a blanket statement that the members of the LLC are each

citizens of a certain state will not be sufficient.  Litton Loan is to identify each member of the LLCs and provide his, her, or its place of citizenship.

DONE this the 25th day of May, 2011.

                                              /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE